IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BLUEFIELD DIVISION

WILLIAM HLUSHMANUK,                )
                                   )
              Petitioner,          )
v.                                 )          Civil Action No. 1:19-00051
                                   )
BARBARA RICKARD, Warden,           )
                                   )
              Respondent.          )

PROPOSED FINDINGS AND RECOMMENDATION

Pending before the Court is Petitioner's Section 2241 Petition and Memorandum in Support[1] (Document Nos. 1 and 2), filed on January 17, 2019. By Standing Order, this matter was referred to the undersigned United States Magistrate Judge for the submission of proposed findings of fact and a recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). (Document No. 4.) Having examined Petitioner's Section 2241 Petition, the undersigned finds, and hereby respectfully recommends, that Petitioner's Petition be dismissed.

FACT AND PROCEDURE

A.    Criminal Action No. 2:12-cr-00327:

On February 5, 2013, Petitioner pled guilty in the Eastern District of Pennsylvania to one count of health care fraud in violation of 18 U.S.C § 1347 (Count 21), and one count of conspiracy to commit health care fraud in violation of 18 U.S.C. §§ 1347, 1349 and 18 U.S.C. § 2 (Count 22). United States v. Hlushmanuk, Case No. 2:12-cr-00327 (E.D.Penn. May 16, 2013), Document Nos. 44 and 46. On May 16, 2013, the District Court sentenced Petitioner to

_____

[1] Because Petitioner is acting *pro se*, the documents which he has filed are held to a less stringent standard than if they were prepared by a lawyer and therefore construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

imprisonment for a total term of "92 months on each of counts 21 and 22, such terms to run concurrently." Id., Document No. 54. The District Court further imposed a term of supervised release of "three years on each count to be served concurrently," a $200 special assessment, and $5,443,315.72 in restitution. Id. Petitioner did not file a direct appeal.

**B.      Section 2255 Motion:**

On May 29, 2014, Petitioner, acting *pro se*, filed in the Eastern District of Pennsylvania a Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255. Id., Document No. 62. As grounds for relief, Petitioner argued as follows: (1) "Movant did not voluntarily and knowingly enter a waiver of his right to appeal or collaterally attack his conviction or sentence in this case;" (2) "Movant did not knowingly, voluntarily, and intelligently plead guilty to the charges set forth in the Indictment;" (3) "Movant was denied his Sixth Amendment right under the U.S. Constitution to effective assistance of counsel;" and (4) "Movant moves for dismissal of Count 22 of the Indictment pursuant to Rule 12(b)(3)(B), due to the Grand Jury's failure to name a co-conspirator and set forth the overt acts of conspiracy." Id. On July 21, 2014, the United States filed a Motion to Dismiss. Id., Document No. 68. Petitioner filed his Response in Opposition on September 29, 2014. Id., Document No. 76. By Memorandum Opinion and Order entered on November 6, 2014, the District Court granted the United States' Motion to Dismiss and dismissed Petitioner's Section 2255 Motion. Id., Document Nos. 77 and 78. On January 28, 2015, Petitioner filed his Notice of Appeal. (Id., Document No. 79.) On August 4, 2015, the Third Circuit dismissed Petitioner's request for a certificate of appealability.

**C.      Second Section 2255 Motion/ Motion for Authorization to File a Successive Section 2255 Motion:**

On July 17, 2017, Petitioner, acting *pro se*, filed in the Eastern District of Pennsylvania his second Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255. Id.,

Document No. 88. As grounds for relief, Petitioner argued he was entitled to relief based upon "the new Supreme Court's decision in <u>Lee v. United States</u>, 2017 WL 2694701 (2017)." <u>Id.</u> By Order entered on July 24, 2017, the District Court determined that Petitioner's Section 2255 Motion was successive, construed Petitioner's second Section 2255 Motion as Request for Authorization to File a Successive Section 2255 Motion, and transferred to matter to United States Court of Appeals for the Third Circuit. <u>Id.</u>, Document No. 89. Petitioner filed a Motion to Supplement with the Third Circuit, citing <u>Johnson v. United States</u>, 576 U.S. 591, 135 S.Ct. 2551, 192 L.Ed.2d 569 (2015) in support. <u>Id.</u>, Document No. 90. By Order dated September 1, 2017, the Third Circuit granted Petitioner's Motion to Supplement and denied Petitioner's Request for Authorization to File a Successive Section 2255 Motion. <u>Id.</u> The Third Circuit stated as follows:

> Hlushmanuk has failed to make a prima facie showing that his proposed § 2255 motion rests on a new rule of constitutional law, or on a previously undiscoverable factual predicate. <u>See</u> 28 U.S.C. § 2255(h). In particular, the Supreme Court's decision in <u>Lee v. United States</u>, 137 S.Ct. 1958 (2017), did not announce a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court. Likewise, Hlushmanuk's reliance on the Supreme Court's decision <u>Johnson v. United States</u>, 135 S.Ct. 2551 (2015), is misplaced as he was not sentenced under the residual clause of the Armed Career Criminal Act or under any provision to which <u>Johnson</u> might apply.

<u>Id.</u>

**D.    Rule 60(b) Motion:**

On April 5, 2018, Petitioner, acting *pro se*, filed in the Eastern District of Pennsylvania his Rule 60(b) Motion. <u>Id.</u>, Document No. 91. Specifically, Petitioner argued that he was entitled to relief pursuant to Federal Rule of Civil Procedure 60(b) because the crime for which he was convicted is not violent felony pursuant to the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924. <u>Id.</u> By Order entered on May 23, 2018, the District Court denied Petitioner's Motion. <u>Id.</u>,

Document No. 92.

**E.    Prior Section 2241 Petition:**

On September 28, 2018, Petitioner, acting *pro se*, filed in the Middle District of Pennsylvania an Application Under 28 U.S.C. § 2241 for Writ of *Habeas Corpus* by a Person in Federal Custody. Hlushmanuk v. Baltazar, 2018 WL 5631304 (M.D.Penn. Oct. 31, 2018). In support of his Petition, Petitioner argued that his sentence was improperly enhanced by a state charge of aggravated battery, which he claims was not a crime of violence under the ACCA. Id. The District Court denied Petitioner's Section 2241 Petition finding that Petitioner's claim did "not fall within the purview of the savings clause, as he has not demonstrated that an intervening change in the law made his underlying conviction non-criminal and that he had no prior opportunity to challenge his conviction, and could not satisfy the stringent standard for filing a second or successive § 2255 motion." Id.

**F.    Instant Section 2241 Petition:**

On January 17, 2019, Petitioner filed his instant Section 2241 Petition and Memorandum in Support. (Civil Action No. 1:19-00051, Document Nos. 1 and 2.) Petitioner argues that his state conviction for "aggravated assault" was used as "criminal liability for sentencing in Federal court." (Id.) Petitioner, however, argues that after Johnson, his "aggravated assault" conviction is no longer a violent felony qualifying as a predicate offense. (Id.) Petitioner concludes that he can satisfy the requirement of Wheeler as to allow him to challenge his sentence pursuant to Section 2241. (Id.) As Exhibits, Petitioner attaches the following: (1) A copy of Petitioner's "Male Custody Classification Form" dated November 12, 2017 (Document No. 2-1, p. 1.); (2) A copy of Petitioner's "Sentence Monitoring Computation Data As Of 11-12-2017" (Id., p. 2.); (3) A copy of a pertinent page from the United States' Sentencing Memorandum (Document No. 2-2,

4

p. 1.); (4) A copy of a pertinent page from his Presentence Report listing Petitioner's aggravated assault charge as a "pending charge" (Id., p. 2.); and (5) A copy of a "Philadelphia Police Department Arrest Report" concerning Petitioner (Id., p. 3.).

By Order entered on January 29, 2019, the Court ordered that Respondent file an Answer to the allegations contained in the Petitioner's Petition and show cause, if any, why the Writ of *Habeas Corpus* sought by the Petitioner in this case should not be granted. (Document No. 7.) On March 6, 2019, Respondent filed his Response to the Order to Show Cause. (Document No. 11.) Respondent first argues that Petitioner's "has filed an improper second or successive motion under 28 U.S.C. § 2255 petition in the incorrect judicial district, and the Third Circuit has already denied the exact argument presented in this case on the merit." (Id., pp. 4 – 6.) Second, Respondent argues that Petitioner "has not met his burden of demonstrating that a § 2255 motion 'is inadequate or ineffective to test the legality of his detention' and even if he could meet that burden, his argument does not have merit because he did not receive a federal sentence enhancement under the ACCA." (Id., pp. 6 – 8.) Accordingly, Respondent argues that Petitioner's Section 2241 Petition should be denied. (Id., p. 8.)

As Exhibits, Respondent attaches the following: (1) A copy of the Third Circuit's Order denying Petitioner's request for permission to file a successive Section 2255 Motion based on Lee and Johnson (Document No. 11-1.); (2) A copy of Petitioner's "Motion to Supplement Motion to File Second or Successive 28 U.S.C. 2255(h)(2)" as filed with the Third Circuit on August 17, 2017 (Document No. 11-2.); (3) A copy of United States' "Sentencing Memorandum" as filed in the Eastern District of Pennsylvania (Document No. 11-3.); and (4) A copy of the "Judgment in a Criminal Case" as filed in Petitioner's underlying criminal action in the Eastern District of Pennsylvania (Document No. 11-4.).

By Order and Notice entered on March 8, 2019, the undersigned notified Petitioner of his right to file a Reply to Respondent's Response. (Document No. 23.) On April 12, 2019, Petitioner filed his Reply. (Document No. 17.) First, Petitioner argues "he has not filed an improper second or successive Motion under 28 U.S.C. § 2255 because Respondent overlooks and ignores the "savings clause test" in U.S. v. Wheeler, 2018 U.S. App. Lexis 775 (4th Cir. 2018) that Petitioner meets." (Id.) Next, Petitioner asserts that this "Court has jurisdiction and Respondent attempts to misconstrue and have this Honorable Court misapply the relief Petitioner is seeking in this proceeding." (Id.) Petitioner concludes that this Court has jurisdiction and "should relieve Petitioner from this criminal liability he is suffering caused by a non-qualifying prior conviction pursuant to 18 P.A.C.S. § 2702 that is not a crime of violence anymore, where Petitioner's confinement will be more lenient." (Id.)

## ANALYSIS

In considering an inmate's application for *habeas* relief under 28 U.S.C. § 2241, the Court must consider whether the inmate is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); Rose v. Hodges, 423 U.S. 19, 21, 96 S.Ct. 175, 177, 46 L.Ed.2d 162 (1975). The Court notes that Section 2241 is merely a general grant of *habeas corpus* authority. See Medberry v. Crosby, 351 F.3d 1049, 1062 (11th Cir. 2003). More specific grants of *habeas corpus* authority are found in 28 U.S.C. § 2254 (state prisoners) and 28 U.S.C. § 2255 (federal prisoners). See Thomas v. Crosby, 371 F.3d 782, 785 (11th Cir. 2004). Section 2255 is the exclusive remedy for testing the validity of federal judgments and sentences unless there is a showing that the remedy is inadequate or ineffective. In Re Jones, 226 F.3d 328, 333 (4th Cir. 2000). The remedy under Section 2241 is not an additional, alternative or supplemental remedy to that prescribed under Section 2255. Rather, Section 2241 applies to

circumstances factually quite different from those properly considered under Section 2255. While the validity of Petitioner's conviction and/or sentence is in issue under Section 2255, matters pertaining to Petitioner's "commitment or detention" are properly the subject under 28 U.S.C. § 2241. <u>See</u> 28 U.S.C. § 2242. Thus, in addition to those very narrow circumstances under which Section 2255 is "inadequate and ineffective," issues arising out of the allegedly unlawful or incorrect computation of Petitioner's sentence and resulting in an unconstitutional restraint upon his liberty are properly considered under 28 U.S.C. § 2241. Allegations that a federal conviction or sentence is invalid are therefore appropriately considered under Section 2255, and allegations respecting the execution of a federal sentence are properly considered under Section 2241. "A section 2241 petition that seeks to challenge the validity of a federal sentence must either be dismissed or construed as a section 2255 motion." <u>Pack v. Yusuff</u>, 218 F.3d 448, 452 (5th Cir. 2000).

In view of the nature of the claims, the undersigned finds Petitioner's claims are ones properly considered under Section 2255, not Section 2241. Essentially, Petitioner challenges the validity of his sentence as imposed by the Eastern District of Pennsylvania. Citing <u>Johnson</u>, Petitioner argues that his sentence was improperly enhanced. Petitioner is clearly challenging the validity of his sentence, not the manner in which his sentence is being executed. Accordingly, the undersigned will briefly consider Petitioner's claims under Section 2255 for the sole purpose of determining whether the instant Section 2241 Application should be (1) dismissed, or (2) construed as a Section 2255 Motion and transferred to the appropriate jurisdiction. <u>See</u> <u>Pack v. Yusuff</u>, 218 F.3d 448, 452 (5th Cir. 2000).

It is quite clear from the language in the first paragraph of 28 U.S.C. § 2255 that Motions thereunder must be filed in the sentencing Court. The first paragraph of 28 U.S.C. § 2255

7

provides as follows:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or the laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, *may move the court which imposed the sentence to vacate, set aside or correct the sentence.*

(Emphasis added.) Viewing Petitioner's Application as a Section 2255 Motion, it is clear that this District Court lacks jurisdiction to consider it. Rather, jurisdiction is properly in the Eastern District of Pennsylvania. While a Section 2255 Motion filed in a Court other than the sentencing Court should be transferred to the Court which sentenced the petitioner, Petitioner's instant Petition should not be construed and transferred as a Section 2255 Motion because Petitioner has proceeded under Section 2255 in the sentencing Court at least once before and has not obtained certification/authorization to file a second or successive Motion from the Third Circuit Court of Appeals.[2]

To the extent Petitioner is claiming that Section 2255 is inadequate or ineffective, the undersigned will consider his claims under Section 2241. Although a Section 2255 Motion is the

---

[2]   Under the Antiterrorism and Effective Death Penalty Act [AEDPA] Amendments to 28 U.S.C. § 2255 "[a] second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals." To obtain certification from the Court of Appeals, the Petitioner must demonstrate that the Motion contains:

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the petitioner guilty of the offense; or
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255. Nevertheless, this Court need not reach the issue of whether Petitioner's Motion actually contains newly discovered evidence or presents a new rule of constitutional law. "[B]efore a prisoner can pursue a qualifying 'second or successive' 2255 Petition, he must obtain authorization from the court of appeals." 28 U.S.C. § 2244(b)(3)(A); *also see Trenkler v. United States*, 536 F.3d 85, 96 (1st Cir. 2008). The Third Circuit has denied Petitioner authorization to file a successive Section 2255 Motion based upon the foregoing claim. (Document No. 11-1.)

proper vehicle for challenging a federal conviction or sentence, Section 2241 may be used by a federal prisoner to challenge the legality of his conviction or sentence if he can satisfy the mandates of the Section 2255 "savings clause." Section 2255 contains a "savings clause" that allows an individual to file a petition challenging his conviction or sentence in a venue other than the sentencing court if the Petitioner can establish that his remedy under Section 2255 is "inadequate or ineffective." In re Jones, 226 F.3d at 333("[W]hen § 2255 proves 'inadequate or ineffective to test the legality of . . . detention,' a federal prisoner may seek a writ of habeas corpus pursuant to § 2241."); Bradshaw v. Story, 86 F.3d 164, 166 (10th Cir. 1996). The Petitioner bears the burden of showing the inadequacy or ineffectiveness of a Section 2255 Application. See McGhee v. Hanberry, 604 F.2d 9, 10 (5th Cir. 1979). The fact that relief under Section 2255 is barred procedurally or by the gatekeeping requirements of Section 2255 does not render the remedy of Section 2255 inadequate or ineffective. In re Jones, 226 F.3d at 332; Young v. Conley, 128 F.Supp.2d 354, 357 (S.D.W.Va.)(Chief Judge Haden), aff'd, 291 F.3d 257 (4th Cir. 2001), cert. denied, 537 U.S. 938, 123 S.Ct. 46, 154 L.Ed.2d 242 (2002). The Fourth Circuit has stated that "§ 2255 is inadequate and ineffective to test the legality of a conviction when: (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law." In re Jones, 226 F.3d at 333-34. In a panel opinion, the Fourth Circuit recently extended the application of the savings clause to sentencing challenges. United States v. Wheeler, 886 F.3d 415 (4th Cir. March 28, 2018). For purposes of

sentencing challenges, the <u>Wheeler</u> Court established a new savings clause test stating that Section 2255 is inadequate and ineffective to test the legality of a sentence when: "(1) at the time of sentencing, settled law of this circuit or the Supreme Court established the legality of the sentence; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review; (3) the prisoner is unable to meet the gatekeeping provisions of § 2255(h)(2) for second or successive motion; and (4) due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect."[3] <u>Id.</u> at 429. The <u>Wheeler</u> Court, however, clarified that "there is no doubt that *Jones* is still good law in this circuit." <u>Id.</u> at 427.

Based upon the foregoing, the undersigned concludes Petitioner has not demonstrated and cannot demonstrate that Section 2255 was inadequate or ineffective such that he could resort to

---

[3] In *Wheeler*, the United States filed a petition for rehearing en banc and the Fourth Circuit stayed the mandate pending a ruling on that motion. By Order entered on June 11, 2018, the Fourth Circuit denied the petition for rehearing en banc. *United States v. Wheeler*, 734 Fed.Appx. 892 (4th Cir. 2018); *United States v. Wheeler*, No. 16-6073, Document No. 60. In denying the petition, Circuit Judge Agee explained as follows:

> The issues in this case are of significant national importance and are best considered by the Supreme Court at the earliest possible date in order to resolve an existing circuit split that the panel decision broadens even farther. Because of the potential that the case may become moot if Wheeler is released from incarceration in October 2019, as projected, I have not request a poll of the Court upon the petition for rehearing en banc in order to expedite the path for the Government to petition for certiorari to the Supreme Court.

*Id.* The United States filed a Motion to Stay Mandate on June 13, 2018, Wheeler filed his Response in Opposition on June 14, 2018 and the United States filed its Reply on June 18, 2018. *Id.*, Document Nos. 61, 63 and 65. By Order entered on June 18, 2018, the Fourth Circuit denied the United States' Motion to Stay Mandate. *Id.*, Document No. 66. The Fourth Circuit issued its Mandate on June 26, 2018. *Id.*, Document No. 67. A petition for writ of certiorari was filed on October 3, 2018. *United States v. Wheeler*, Case No. 18-00420. The United States Supreme Court denied the petition for writ of certiorari on March 18, 2019. *United States v. Wheeler*, 139 S.Ct. 1318 (2019).

Section 2241. Petitioner does not allege any substantive change in settled law occurring after his Section 2255 Motion that decriminalized the conduct of his conviction. Additionally, Petitioner cannot establish a retroactive change in substantive law such that Petitioner's sentence now presents an error sufficiently grave to be deemed a fundamental defect. To the extent Petitioner relies upon Johnson, Petitioner cannot satisfy the criteria of either Jones or Wheeler.[4] In light of Welch v. United States, 578 U.S. 120, 136 S.Ct. 1257, 194 L.Ed.2d 387 (2016), the decision in Johnson is a new rule of constitutional law that may be applied retroactively on collateral review. Assuming Johnson was applicable to Petitioner's underlying conviction or sentence, Petitioner could meet the gatekeeping provisions of Section 2255 allowing him to raise his claim in a Section 2255 Motion filed in the sentencing court. Johnson, however, is inapplicable to Petitioner's underlying conviction and sentence. Petitioner filed with the Third Circuit, a Motion for Authorization to File a Successive Section 2255 Motion presenting his Johnson claim. The Third Circuit determined Petitioner's Johnson claim was without merit because Petitioner was **not** sentenced under the residual clause of the ACCA or under any provision to which Johnson might apply. Rather than asserting a newly-recognized right, Petitioner is attempting to advance the same Johnson claim that was asserted in his request for permission to file a successive Section 2255 Motion and that was rejected by the Third Circuit. The fact that the Third Circuit denied Petitioner's request to file a successive Section 2255 Motion does not render the remedy

---

[4] In *Johnson*, the United States Supreme Court held that the "residual clause" of the ACCA was unconstitutionally vague. *Johnson v. United States*, 576 U.S. 591, 135 S.Ct. 2551, 192 L.Ed.2d 569 (2015). The ACCA provides for enhanced penalties for those with three qualifying prior felony convictions for either serious drug offenses or violent felonies. The "residual clause" provided that a crime that "otherwise involves conduct that presents a serious potential risk of physical injury to another" was considered a violent felony. 18 U.S.C. § 924(e)(2)(B)(ii). On April 18, 2016, the United States Supreme Court determined that *Johnson* announced a new substantive rule that applies retroactively to cases on collateral review. *Welch v. United States*, 578 U.S. 120, 136 S.Ct. 1257, 194 L.Ed.2d 387 (2016).

11

of Section 2255 inadequate or ineffective. See Cradle v. United States ex rel. Miner, 290 F.3d 536, 539 (3rd Cir. 2002). To the extent Petitioner is relying upon Johnson to challenge the validity of his Sentencing Guideline range, Petitioner's claim is without merit. On March 6, 2017, the United States Supreme Court held that the United States Sentencing Guidelines were not subject to a void for vagueness challenge under the Fifth Amendment. Beckles v. United States, ___ U.S. ___, 137 S.Ct. 886, 197 L.Ed.2d 145 (2017). Thus, Petitioner cannot satisfy the criteria of either Jones or Wheeler. Finally, Section 2255 is not rendered inadequate or ineffective merely because an individual is barred procedurally or by the gatekeeping requirements of Section 2255. Based upon the foregoing, Petitioner has failed to sustain his burden of showing the inadequacy or ineffectiveness of a Section 2255 Motion and his Section 2241 Petition should be dismissed.

## **PROPOSAL AND RECOMMENDATION**

Based upon the foregoing, it is therefore respectfully **PROPOSED** that the District Court confirm and accept the foregoing factual findings and legal conclusions and **RECOMMENDED** that the District Court **DISMISS** Petitioner's Section 2241 Petition (Document Nos. 1 and 2) and **REMOVE** this matter from the Court's docket.

The Petitioner is hereby notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge David A. Faber. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rule 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen (14) days (filing of objections) and three (3) days (if received by mail) from the date of filing of these Findings and Recommendation within which to file with the Clerk of this Court, written

objections, identifying the portions of the Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208, 104 S. Ct. 2395, 81 L. Ed. 2d 352 (1984). Copies of such objections shall be served on opposing parties, District Judge Faber, and this Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Petitioner, who is acting *pro se*, and counsel of record.

Date: October 8, 2021.

Omar J. Aboulhosn
United States Magistrate Judge